**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **WILDEARTH GUARDIANS,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Case No. 16-1408 (RJL)** |
| **PENNY SUE PRITZKER, *et al.*,** | ) | |
| **Defendants.** | ) | |

FILED
NOV 03 2016
Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

**MEMORANDUM ORDER**
November 2, 2016 [Dkt. #8]

This case is before the Court on plaintiff's motion for attorney's fees and litigation costs [Dkt. #8]. Plaintiff voluntarily dismissed its own claims on September 9, 2016, explaining that the federal government defendants it was suing had complied with the relief it sought and hence the case was moot. Notice of Voluntary Dismissal [Dkt. #7]. Specifically, the Government issued reports, which plaintiff claims were overdue, as to five marine species that plaintiff had petitioned to include on the endangered species list. *Id.* at 2. In seeking attorney's fees and litigation costs, plaintiff argues that its suit was the catalyst that caused defendants to issue those reports. Pl.'s Mot. for and Mem. ISO Attorneys' Fees and Litigation Costs Under the Endangered Species Act 12 [Dkt. #8] ("Pl's Mem."). Unfortunately for plaintiff, however, its request is dead in the water.

First, I note that when plaintiff voluntarily dismissed its own Complaint, it did not reserve any of its claims, including the demand at page 17, paragraph C for attorney's fees and costs. However, in an abundance of caution and in the interest of judicial efficiency, I will construe the notice of voluntary dismissal as a request to dismiss all plaintiff's claims *except* for the claim to fees and costs.

Turning to the question whether plaintiff may pursue that claim for costs and fees under the Endangered Species Act, the Court need look no further than the text of the statute plaintiff invokes as the basis for reimbursement. The Endangered Species Act allows the Court to grant attorney's fees and costs "in issuing any final order in any suit brought pursuant to paragraph (1) of this subsection," the citizen-suit provision of the Act. 16 U.S.C. § 1540(g)(4). At the risk of stating the obvious, when a plaintiff dismisses its own suit, the court has not issued a final order. Therefore, the Court has no subject-matter jurisdiction to order plaintiff reimbursed in this case and the plaintiff's argument that bringing its suit was a catalyst for the government's action is of no moment. Plaintiff's position here is in that way distinct from that of the plaintiffs in the case on which it principally relies, *Sierra Club v. EPA*, 322 F.3d 718 (D.C. Cir. 2003). In *Sierra Club*, the applicable statute—the Clean Air Act—allowed the court unfettered discretion to grant fees and costs "whenever...appropriate." *See also Ruckelshaus v. Sierra Club*, 463 U.S. 680, 688 (1983) (discussing that Congress intentionally drafted § 307(f) the Clean Air Act to depart from the otherwise typical rule that reimbursement

requires a "formal court order"). Moreover, the plaintiffs in *Sierra Club* had pursued litigation to the point of negotiating a settlement with the government on the Clean Air Act claims. 322 F.3d at 727. Here, federal defendants have not even answered the Complaint, and there is no basis for the Court even to consider whether plaintiff's claims are colorable. *See id.* Put simply, Congress did not give the courts jurisdiction to consider the propriety of a fee award in these circumstances.

Accordingly, plaintiff's Motion for Attorney's Fees and Costs Under the Endangered Species Act is hereby **DENIED** and the Clerk is instructed to **TERMINATE** the above-captioned case.[1]

**SO ORDERED.**

**RICHARD J. LEON**
**United States District Judge**

[1] Defendant's request for an extension to surreply as to the motion at issue here [Dkt. #13] is hereby DENIED AS MOOT.